USCA1 Opinion

 

 March 12, 1993 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT No. 92-2284 UNITED STATES OF AMERICA, Appellee, v. VICENTE JOAQUIN GONZALEZ, Defendant, Appellant. _________________________ No. 92-2285 UNITED STATES OF AMERICA, Appellee, v. HECTOR BERRIOS COLON, Defendant, Appellant. _________________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ _________________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ _________________________ J. C. Codias for appellants. ____________ Jose A. Quiles Espinosa, Senior Litigation Counsel, with _________________________ whom Daniel F. Lopez-Romo, United States Attorney, and Warren _____________________ ______ Vazquez, Assistant United States Attorney, were on brief, for _______ appellee. _________________________ _________________________ Per Curiam. Vicente Joaquin Gonzalez and Hector Per Curiam. ___________ Berrios Colon appeal their convictions on charges of conspiracy to import a controlled substance into the United States and possessing a controlled substance aboard a vessel within the customs waters of the United States, with intent to distribute the contraband. They argue primarily that the evidence presented to the jury was too flimsy to support the guilty verdicts. They argue secondarily that the trial judge improperly excluded certain evidence and, moreover, exhibited a bias against them. We start with bedrock. "The standard of review for sufficiency challenges is whether the total evidence, taken in the light most amicable to the prosecution, together with all reasonable inferences favorable to it, would allow a rational factfinder to conclude beyond a reasonable doubt that the defendant was guilty as charged." United States v. Maraj, 947 _____________ _____ F.2d 520, 522-23 (1st Cir. 1991). We have recently applied this standard to a test of evidentiary sufficiency in an appeal prosecuted by appellants' codefendant, Alfredo Nueva. See United ___ ______ States v. Nueva, 979 F.2d 880 (1st Cir. 1992). No useful purpose ______ _____ would be served by canvassing anew the full range of facts set out therein. See id. at 881-83. It suffices at this juncture to ___ ___ say that we found those facts more than adequate to support Nueva's conviction on both charges. Id. at 883-85. Most of the ___ same evidence applies with equal force to the present appellants. We do not propose to reinvent the wheel. Instead, we 3 add only a few brief comments regarding the events at issue. On the main question evidentiary sufficiency the jury was faced with conflicting accounts of what transpired off the coast of Puerto Rico on the night of December 5, 1990. Appellants argued that they were simply in the wrong place at the wrong time; during a pre-purchase test drive of a speedboat, in the dark of night, they experienced engine trouble and were stranded in precisely the spot chosen by drug dealers for an airdrop of several bales of cocaine worth an enormous amount of money. The prosecution, however, did not believe that the long arm of co(ke)incidence stretched quite so far. It presented a wealth of surveillance evidence from which a rational jury could conclude that a small airplane, running with no navigation lights, signalled appellants' boat (also running without lights) and then proceeded by prearrangement to drop several large objects (marked with chemical lights) which the boat's crew hauled from the sea. When, thereafter, the capture trap began to close, the three men aboard the boat hastily discarded the objects and attempted to evade apprehension (although to no avail). When boarded, the boat's engine was still warm, indicating recent use and undermining appellants' stranded-at-sea account. Several bales of cocaine, with chemical lights still attached, were found floating in the area where the speedboat had been. There were no other vessels in the vicinity (save for official watercraft). We think that the cumulative evidence permitted a 4 series of logical inferences: that appellants knowingly set out to rendezvous with the aircraft; that, being the only individuals in the area, appellants were the designated receptors for the smuggle; that, by design, appellants retrieved the cocaine from the water; and that appellants, knowing that their newly acquired cargo comprised illegal contraband, jettisoned it when law enforcement personnel drew near. No more was exigible. As we recently wrote, "the culpability of [a] defendant's presence hinges upon whether the circumstances fairly imply participatory involvement." United States v. Echeverri, No. 92-1426, slip op. _____________ _________ at 5 (1st Cir. Jan. 5, 1993). Here, a rational factfinder, drawing plausible inferences as suggested above, could well have discerned participatory involvement. See, e.g., United States v. ___ ____ _____________ Morales-Cartagena, Nos. 91-2079, 91-2080, slip op. at 4-6 (1st _________________ Cir. Feb. 23, 1993); Nueva, 979 F.2d at 883-85; United States v. _____ _____________ Lopez, 944 F.2d 33, 40 (1st Cir. 1991); United States v. _____ ______________ Hernandez-Bermudez, 857 F.2d 50, 54 (1st Cir. 1988); United __________________ ______ States v. Flores Perez, 849 F.2d l, 3 (1st Cir. 1988); United ______ _____________ ______ States v. Alvarez, 626 F.2d 208, 210 (1st Cir. 1980). ______ _______ In sum, the appellants seem to be, literally and figuratively, in the same boat as Nueva. The jury, the trial judge, and the Nueva panel believed that the evidence was _____ sufficient to convict on all counts, as do we. Although the government's case was largely circumstantial, the jury, on this record, could certainly have chosen to believe that the converging circumstances pointed persuasively toward a sinister 5 truth and been convinced thereby beyond any reasonable doubt of appellants' complicity and guilt. The law, as we have said, "is not so struthious as to compel a criminal jury to ignore that which is perfectly obvious." United States v. Ingraham, 832 F.2d _____________ ________ 229, 240 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988); _____ ______ see also United States v. Smith, 680 F.2d 255, 260 (1st Cir. ___ ____ _____________ _____ 1982) ("Neither juries nor judges are required to divorce themselves of common sense, but rather should apply to facts which they find proven such reasonable inferences as are justified in the light of their experience as to the natural inclinations of human beings."), cert. denied, 459 U.S. 1110 _____ ______ (1983). The other issues raised by appellants deserve scant comment. The district court's exclusion of the so-called tracklog was well within its discretion; the record reveals that appellants never laid a proper foundation for the admission of this evidence. Lastly, the claim of judicial bias amounts to no more than shooting from the lip. In any event, the very same claim was advanced to the Nueva panel and soundly rejected. We _____ adopt that panel's assessment. See Nueva, 979 F.2d at 885. ___ _____ We need go no further. Our examination of the papers reveals that appellants' counsel has been using devious distortions and gross exaggerations as weapons of appellate advocacy. They are easily belied by the record and do not aid his clients' cause. For essentially the same reasons as were set out in the Nueva opinion, the appellants' convictions pass _____ 6 muster. Affirmed. Affirmed. ________ 7